IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| SHIRLEY HARWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09-1086 |
| ) | |
| MYRON L. BATTS, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 5, 2009, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1) and Motion to Proceed *in Forma Pauperis*.[1] (Document No. 3.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**FACT AND PROCEDURE**

On April 29, 2002, Petitioner pled guilty in the United States District Court for the Eastern District of Tennessee to one count of conspiracy to defraud in violation of 18 U.S.C. § 371 (Count 1), one count of mail fraud in violation of 18 U.S.C. § 1341 (Count 2), one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 10), and one count of money laundering in violation of 18 U.S.C. § 1957 (Count 11). United States v. Harwood, Case No. 2:01-cr-76 (E.D. Tenn. May 19, 2003), Document No. 51. On June 3, 2002, Petitioner also pled guilty in the Eastern District of Tennessee to eleven counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts 1 - 11). United

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

States v. Harwood, Case No. 2:02-cr-28 (May 19, 2003), Document No. 15. On June 5, 2002, the District Court consolidated the above two cases for purposes of sentencing. Harwood, Case No. 2:01-cr-76, Document No. 56 and Case No. 2:02-cr-28, Document No. 16. On May 19, 2003, the District Court sentenced Petitioner to "60-months imprisonment on Counts 1, 2, and 10 and to a 97-months on Count 11 in No. 2:01-cr-76 and 97-months on Counts 1 - 11 in No. 2:02-cr-28, with all terms to run concurrently." Id., Case No. 2:01-cr-76, Document Nos. 95 and 97 and Case No. 2:01-cr-76, Document Nos. 35 and 36. The District Court also imposed "a term of 3 years of supervised release as to Counts 1, 2, 10, and 11 in No. 2:01-cr-76 and to 5 years of supervised release as to Counts 1 - 11 in No. 2:02-cr-28, with all terms to run concurrently." Id. Petitioner was ordered to pay restitution in the amount of $3,309,817.00 to Credit Suisse and $2,005,150.00 to Union Planters Bank. Id. Petitioner filed a Notice of Appeal on June 13, 2003. Id., Case No. 2:01-cr-76, Document No. 100. On August 19, 2004, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Harwood, 108 Fed.Appx. 344 (August 19, 2004).

On April 15, 2005, Petitioner filed in the Eastern District of Tennessee a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Harwood v. United States, Case No. 2:05-cv-114, Document No. 1. As grounds for *habeas* relief, Petitioner argued that defense counsel was ineffective during the (i) plea negotiation stage, (ii) pretrial stage, (iii) sentencing stage, and (iv) appeal stage. Id. By Memorandum Opinion and Order entered on January 26, 2007, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 13. Petitioner filed a Motion for Reconsideration on February 7, 2007. Id., Document No. 14. By Order entered on March 1, 2007, the District Court denied Petitioner's Motion. Id., Document No. 15.

On December 14, 2006, Petitioner filed in the Eastern District of Tennessee a Motion to Reduce Sentence based upon her poor health. Harwood, Case No. 2:01-cr-76, Document No. 132

and Case No. 2:02-cr-28, Document No. 42. By Order entered on March 1, 2007, the District Court denied Petitioner's Motion to Reduce Sentence. Id., Case No. 2:01-cr-76, Document No. 136 and Case No. 2:02-cr-28, Document No. 46. On April 4, 2007, Petitioner filed a Motion to Reduce Sentence alleging that her sentence violated the terms of her plea agreement and ran afoul to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Id., Case No. 2:01-cr-76, Document No. 138 and Case No. 2:02-cr-28, Document No. 47. The District Court denied Petitioner's motion on April 10, 2007. Id., Case No. 2:01-cr-76, Document No. 139 and Case No. 2:02-cr-28, Document No. 48. Petitioner filed her Notice of Appeal on May 29, 2007. Id., Case No. 2:01-cr-76, Document No. 140 and Case No. 2:02-cr-28, Document No. 49. On February 1, 2008, the Sixth Circuit Court of Appeals affirmed the District Court's judgment. Id., Case No. 2:02-cr-28, Document No. 143.

      On March 13, 2008, Petitioner filed in the Eastern District of Tennessee her second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Id., Case No. 2:01-cr-76, Document No. 146 and Case No. 2:02-cr-28, Document No. 53. On April 17, 2008, the District Court ordered the motion be transferred to the Sixth Circuit Court of Appeals because the Court had not received an order from the Sixth Circuit authorizing it to consider Petitioner's successive Section 2255 Motion. Id., Case No. 2:01-cr-76, Document No. 147 and Case No. 2:02-cr-28, Document No. 54. On June 16, 2009, the Sixth Circuit denied Petitioner's request to file a successive motion because "Harwood's motion involves no new rule of constitutional law, and her motion involves no new or newly discovered evidence." Id., Case No. 2:01-cr-76, Document No. 149 and Case No. 2:02-cr-28, Document No. 56. By Order entered on July 13, 2009, the District Court denied as moot Petitioner's Section 2255 Motion. Id., Case No. 2:01-cr-76, Document No. 150 and Case No. 2:02-cr-28, Document No. 57.

On October 5, 2009, Petitioner filed the instant Application challenging her conviction and sentence imposed by the Eastern District of Tennessee in Case Nos. 2:01-cr-76 and 2:02-cr-28. (Civil Action 1:09-1086, Document Nos. 1 and 2.) Petitioner asserts the following grounds for *habeas* relief: (1) "Violation of due process - due to plea agreement;" (2) "Offense level calculations (i) deleted part F U.S.S.G. used; (ii) loss double counted; (iii) multi count grouping double applied;" (3) Ineffective assistance of counsel; (4) Conflict of interest; and (5) Prosecutorial misconduct. (Document No. 1, p. 6.) First, Petitioner appears to argue that her plea agreement violated due process because it was not made voluntarily, knowingly, and intelligently. (Id., pp. 7 - 8.) Second, Petitioner contends the District Court erred in determining the "loss calculation," which resulted in an incorrect offense level calculation. (Id., pp. 8 - 12.) Specifically, Petitioner claims "[t]he total amount of loss to Credit Suisse attributable to [her] could only be and should have been no more than $237,500." (Id., pp. 9 - 12.) Petitioner further explains that the Court incorrectly applied the Sentencing Guidelines because (i) "U.S.S.G. 2F1.1(b) was deleted in its entirety on November 1, 2001;" (ii) the "loss was 'double counted'" when the Court "impermissibly used the same conduct/loss as the basis for elevating the offense level for the same counts;" and (iii) the Court applied "multi-count grouping to the 'combined' cases after multi-count grouping had already been applied to each case separately." (Id., p. 13 - 16.) Third, Petitioner contends counsel was ineffective in failing to conduct an appropriate investigation, failing to conduct interviews, and failing to challenge the "amount of loss used in the offense level calculation." (Id., pp. 16 - 19.) Petitioner further claims that defense counsel and the Assistant United States Attorney "had a close, personal relationship that interfered with counsel's representation of [her] and presented a conflict of interest." (Id., p. 20.) Petitioner states that defense counsel and the Assistant United States Attorney "went on a three week safari during the time the blanket plea agreement negotiations were to be

4

taking place." (Id., p. 8.) Fourth, Petitioner asserts that United States District Judge Hull had a conflict of interest and "should have recused himself from my cases." (Id., pp. 19 - 20.) Finally, Petitioner argues that the Assistant United States Attorney engaged in prosecutorial misconduct by "going to great and outrageous lengths to disparage me, assassinate my character and paint me as some raving religious fanatic for the bulk of the time I was on the stand." (Id., p. 20.) Petitioner states that her "faith and religious practices are protected by the constitution and were not relevant to the cases or sentencing." (Id., p. 21.) Therefore, Petitioner requests "the Court grant applicant relief to which she may be entitled in this proceeding." (Id., p. 7.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the

> convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[2] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed *in Forma Pauperis* (Document No. 3.), **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 13, 2010.

[3] In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Tennessee. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 5, 2011.

R. Clarke VanDervort
United States Magistrate Judge